UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRIAN WHITAKER,**<br>Plaintiff,<br>v.<br>**EVA C. JEONG, ET AL.,**<br>Defendants. | Case No. 4:21-cv-02362-YGR<br><br>**ORDER DISMISSING CASE FOR LACK OF ARTICLE III STANDING; DENYING REPORT AND RECOMMENDATION AS MOOT; DECLINING SUPPLEMENTAL JURISDICTION** |

Plaintiff Brian Whitaker has sued for alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA") and California's Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.* (the "Unruh Act"). After this case was reassigned to the undersigned on a report and recommendation in favor of default, the Court issued an order to show cause as to why the case should not be dismissed for lack of standing and why the Court should not decline supplemental jurisdiction over the Unruh Act claim. (Dkt. No. 31.) Plaintiff timely filed a response on October 7, 2022. (Dkt. No. 32.)

As the Court explained in the order to show cause, plaintiff's complaint provided no factual enhancement to support any standing theory under the ADA. Bald recitations of the standing elements without further factual support are insufficient. (*See* Dkt. No. 31.) Plaintiff filed a boilerplate response that has been recycled before the undersigned that completely fails to address the nuance of the Court's order to show cause. The Court construes plaintiff's failure to address the nuance as a concession that he has not plausibly alleged standing at this juncture beyond mere conclusions. Accordingly, the complaint is dismissed with leave to amend and the motion for default judgment and corresponding report and recommendation are denied as moot. Plaintiff shall file any amended pleading consistent with the order to show cause by November 4, 2022.

In addition, plaintiff was ordered to show cause why the Court should not decline

supplemental jurisdiction over the Unruh Act claim. As the order to show cause set forth, a federal court may decline to exercise supplemental jurisdiction over a state law claim "in exceptional circumstances." 28 U.S.C. § 1367(c)(4). Indeed, supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). When a "high-frequency" litigant such as plaintiff in this case asserts an Unruh Act claim in federal court with an ADA claim, this constitutes an exceptional circumstance that justifies dismissal of the Unruh Act claim. *See, e.g.*, *Arroyo v. Rosas*, 19 F.4th 1202, 1211-14 (9th Cir. 2021); *Vo v. Choi*, No. No. 20-55737, -- F.4th --, 2022 WL 4362289 (9th Cir. Sept. 21, 2022); *Garcia v. Maciel*, No. 21-cv-03743-JC, 2022 WL 395316 (N.D. Cal. Feb. 9, 2022). There is no doubt that plaintiff in this case views these lawsuits as a mission-based business that seeks to avoid California's heightened pleading standards and obtain cash settlements in federal court.[1] As the Court noted, and plaintiff failed to address, the record shows that plaintiff failed to prosecute this case and filed the pending motion for default judgment while two orders to show cause based upon his lack of prosecution were pending.

Plaintiff suggests that declining supplemental jurisdiction is improper in light of the recent Ninth Circuit decision in *Lammey v. Plaza Segundo, LLC*, No. 20-55070, 2022 U.S. App. LEXIS 16457, 2022 WL 2128900 (9th Cir. June 14, 2022). The Court is not persuaded. In *Lammey*, the Ninth Circuit held that it was improper to decline supplemental jurisdiction after the district court determines that a violation of the ADA was sufficiently pled and default judgment was granted on the ADA claim. That is not the case here. The Court has determined that subject matter is lacking because standing has not been plausibly alleged as to the ADA claim and the report and recommendation, which is not a final adjudication of any issues as the name shows, is moot.[2] Accordingly, this case is more akin to *Vo*, where the Ninth Circuit held that it was proper to decline supplemental jurisdiction over the Unruh Act claim *before* entering default judgment on

---

[1] Under the Unruh Act, plaintiffs are entitled to $4,000 in statutory damages plus attorneys' fees. Accordingly, from a business perspective, assuming a base payment of $4,000, the filing of 100 cases yields $400,000 and 1000 cases yields $4,000,000.

[2] Notably, the report and recommendation does not address plaintiff's standing to sue. And judgment would be void where standing is lacking.

the ADA claim.

Having balanced the interests in federal-state comity, convenience, fairness, and judicial economy at this early juncture of the litigation, the Court finds that exceptional circumstances exist that justify declining jurisdiction over the Unruh Act claim. Accordingly, the Unruh Act claim is dismissed without prejudice to it being refiled in state court.[3]

This Order terminates Docket Numbers 23 and 29.

**IT IS SO ORDERED.**

Dated: October 11, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

---

[3] Plaintiff cites to *Mattson v. City of Costa Mesa*, 106 Cal. App. 3d 441 (1980) to suggest that his state case will be prejudiced if he has to proceed in two forums. While plaintiff only cites to *Mattson* and does not proffer any analysis, it is distinguishable. In *Mattson*, a plaintiff's claims were split and he sat on the state law claim while litigating the federal action all the way through an adverse judgment at trial. *Id*. at 445. In comparison, this case is in its infancy and no scheduling order has been set. There is also no final adjudication on the merits. Any suggestion that this case is far along because of its age ignores the substantial period that plaintiff failed to prosecute.